**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 10-20705

ASHAK ASHAQ,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

        Defendant Ashak Ashaq pleaded guilty to two counts resulting from his integral, indeed essential, involvement in a massive, destructive, and dangerous use of fire to commit fraud affecting interstate commerce (i.e., arson for profit), 18 U.S.C. § 844(h)(1). (ECF No. 617, PageID.3886.) On March 7, 2013, the court sentenced Defendant to 168 months imprisonment. (*Id.*, PageID.3887.) The court reduced his sentence to 156 months imprisonment on January 22, 2016. (ECF No. 705, PageID.6296.) Defendant's current date of projected release is in January 2023. (ECF No. 853-6, PageID.7362.)

        Defendant moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 840.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at the Reeves III Detention Facility justify his immediate release. The matter has been thoroughly briefed. (ECF Nos. 853, 857, 860, 861, 863, 864.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

Under the federal compassionate release statute, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held recently in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111. A prisoner seeking compassionate release must nonetheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Before the court may consider a motion for compassionate release, Defendant must exhaust administrative remedies. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release himself only if he submits a request for compassionate release to his warden

and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

The government asserts Defendant failed to exhaust administrative remedies. (ECF No. 853, PageID.7339.) It attaches an email from Defendant's correctional institution. (ECF No. 853-8, PageID.7365.) The message states Defendant never filed a request for relief with the prison out of a belief his attorney would "tak[e] care of everything." (*Id.*) However, Defendant attached a written request for compassionate release, which included a "received" stamp and an apparent staff signature. (ECF No. 857, PageID.7388.) Defendant also includes a typed statement from a purported prison administrator that denies Defendant's request for compassionate release. (*Id.*, PageID.7389-90.) The court will not at this time question the validity of Defendant's documents and will assume, for purposes of this motion, that Defendant exhausted administrative remedies.

Defendant's circumstances are not extraordinary or compelling, and compassionate release is not appropriate. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v.*

3

*Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.).

Defendant asserts he has diabetes, chronic kidney disease, asthma, hypertension (high blood pressure), and hyperlipidemia (high cholesterol); he also claims that Parkinson's Disease is beginning its onset. (ECF No. 840, PageID.7030-31.) Medical records confirm diagnoses of stage three (moderate) chronic kidney disease, diabetes, hypertension, and hyperlipidemia. (ECF No. 842, PageID.7056.) Defendant presents no evidence he has ever received diagnoses of or treatments for asthma or Parkinson's. He accepts that medical records show a "documented course of treatment" for his known conditions. (ECF No. 840, PageID.7030.) The record reflects that his prison provides regular checkups and medications. (*See, e.g.*, ECF No. 850, PageID.7154-63, 7089-90.)

Defendant does not contend that his conditions in and of themselves warrant the extraordinary remedy of compassionate release. Instead, he instead asserts he is at "high risk . . . [of] contracting a severe case of Coronavirus." (ECF No. 840, PageID.7031.) However, the record shows, and the parties agree, that Defendant was placed in quarantine on October 13, 2020, after testing positive for COVID-19. (ECF No. 860, PageID.7413; ECF No. 862, PageID.7424.) Defendant asserts in his brief that he started experiencing symptoms a week prior. (ECF No. 860, PageID.7413.) Medical records indicate that Defendant was in isolation on October 17 and 18; both days he did not have a fever or report respiratory distress. (ECF No. 861, PageID.7420, 7422.) The

government accurately relates, based on this record evidence, that "[Defendant] appears to be asymptomatic." (ECF No. 862, PageID.7427.)

Defendant argues that compassionate release is still warranted because people who recover from COVID-19 can contract the disease again in the future. The evidence in support of Defendant's position is limited and weak. While there are sporadic reports of isolated reinfections, there are no reports or scientifically derived evidence that reinfection is, even if *possible*, common or in any way likely. *See* Rebecca Hersher, *First Confirmed Case of U.S. Coronavirus Reinfection*, National Public Radio (October 12, 2020), https://www.npr.org/sections/coronavirus-live-updates/2020/10/12/922980490/scientists-confirm-nevada-man-was-infected-twice-with-coronavirus; *Reinfection with COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Dec. 18, 2020) ("Cases of reinfection with COVID-19 have been reported, but remain rare."). To date, after over seventeen million Americans are confirmed to have contracted COVID-19, *Coronavirus Resource Center*, Johns Hopkins University of Medicine, https://coronavirus.jhu.edu/us-map (last visited Dec. 18, 2020), the court is aware of only one confirmed reinfection in the United States. *See* Richard L. Tillett et al., Genomic Evidence for Reinfection with SARS-CoV-2: A Case Study (2020); *see also COVID-19 Reinfection Tracker*, BNO News, https://bnonews.com/index.php/2020/08/covid-19-reinfection-tracker/ (last visited Dec. 18, 2020) (media report listing thirty confirmed worldwide cases of reinfection).

While incarcerated, Defendant receives treatment and monitoring for his chronic health conditions. (*See, e.g.*, ECF No. 850, PageID.7154-63, 7089-90.) The court is

provided few assurances that he will have equal access to quality healthcare if released. Indeed, if released it appears that he would nonetheless be detained pending immigration review. Furthermore, while in prison, Defendant is separated from his history of dangerous and fraudulent criminal activities. This is significant because Defendant's behavior while in free society exhibited a willingness to profit by putting the safety of others in the community at risk. Defendant has prior convictions for domestic abuse, breaking and entering, and assault and battery. (ECF No. 853, PageID.7327.) His instant convictions involved a conspiracy to profit by setting fire to residential and business buildings in Hamtramck and Detroit, Michigan. (*Id.*, PageID.7327-28.) The court need not detail the potential impact of arson in a densely packed, urban environment. Defendant has a substantial disciplinary history while in prison and has repeatedly taken aggressive action towards staff and fellow inmates. (*See* ECF No. 853-2 (reporting nine separate disciplinary actions); ECF No. 853, PageID.7346-47.) If he continues to exhibit these behaviors outside the prison environment, Defendant risks serious bodily harm. In all, the court is not convinced that Defendant's health and safety will improve if he is immediately released into free society.

To release Defendant, the court would need to speculate as to whether there is a medically recognized possibility of becoming re-infected with COVID-19, and if there is, whether he would likely contract the disease once again; whether he will develop serious symptoms if re-infected; and whether his heath, and access to quality healthcare, would improve upon release. The extraordinary remedy of compassionate release is not warranted. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (ECF No. 840) is

DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\10-20705.ASHAQ.MotiontoReduceSentence.RMK.RHC.2.docx