UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 10-20705

ASHAK ASHAQ,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO RECOMMEND RELOCATION

Defendant Ashak Ashaq pleaded guilty in May 2012 to two counts of use of fire to commit fraud affecting interstate commerce (i.e., arson for profit), 18 U.S.C. § 844(h)(1). (ECF No. 617, PageID.3886.) On March 7, 2013, the court sentenced Defendant to 168 months imprisonment. (*Id.*, PageID.3887.) The court reduced his sentence to 156 months imprisonment on January 22, 2016. (ECF No. 705, PageID.6296.)

On June 15, 2021, Defendant filed a "Motion to Recommend to the U.S. Bureau of Prisons that [He] be Relocated to a Federal Corrections Institute in Michigan." (ECF No. 877.) Defendant states that he has several chronic medical conditions and wants the opportunity to see family more frequently. (*Id.*, PageID.7568-70.) Currently, Defendant is incarcerated at CI Reeves III in Pecos, Texas, and his family must travel a substantial distance to visit him from their residences in Michigan. (*Id.*) He asks that the court recommend to the Bureau of Prisons ("BOP") that he be relocated to FCI Milan in Milan, Michigan. (*Id.*, PageID.7563.)

The government filed a response on June 30, 2021. (ECF No. 878.) It noted that the BOP is not bound by a recommendation on an inmate's location of confinement. (ECF No. 878, PageID.7581.) However, on the merits, the government took "no position concerning the motion [for a recommendation]." (*Id.*)

The parties accept that the court's recommendation as to Defendant's location of incarceration has no binding effect on the BOP. (*Id.*, PageID.7580; ECF No. 877, PageID.7563.) The BOP, not the court, has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. 3621(b); *see Tapia v. United States*, 564 U.S. 319, 331 (2011) (quotations removed) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment.").

Due to Defendant's chronic health conditions, and the long distances his family must travel to visit him in Texas, the court will recommend that the BOP transfer him to FCI Milan. The court makes this recommendation on the condition that the transfer will not materially affect the health and safety of Defendant, or other prisoners. The BOP has authority to use its professional judgment, and its knowledge of Defendant's circumstances, to decline any request for transfer. 18 U.S.C. 3621(b). Accordingly,

IT IS ORDERED that Defendant's "Motion to Recommend to the U.S. Bureau of Prisons that [He] be Relocated to a Federal Corrections Institute in Michigan" (ECF No. 877) is GRANTED. The court RECOMMENDS that the BOP transfer Defendant from CI Reeves III in Pecos, Texas, to FCI Milan in Milan, Michigan.

                                              s/Robert H. Cleland              /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: July 12, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\10-20705.ASHAQ.MotiontoRecommendRelocation.RMK.docx